Good morning. Good morning. May it please the Court, my name is Scott Miller, I represent Plaintiff and Appellant Jump San Diego, LLC. I'd like to reserve five minutes for rebuttal. What's your time? We're here today to request that the Court vacate the underlying judgment that the District Court entered dismissing Jump's complaint against Defendant and Respondent Janay Kruger on three or four basis. First the Court abuses discretion in accepting as a judicially noticed fact that Jump's Conditional Use Permit application was filed on June 19th, 2012. Well, let's assume that's true, but it was filled out and signed on June 19th. Yes, even assuming that fact, that it was filled out on June 19th, which we don't dispute, it was still error because the cause of action did not accrue on June 19th. We're going to talk about that in some detail, but could we just get your four points out before we? Sure. Okay. So the first point is abused her discretion on the judicially noticed facts, erred in concluding that the accrual date was June 19th. Third, applied the economic loss doctrine in any event to dismiss the negligence and representation claim, and perhaps most importantly, denied Jump San Diego the ability to amend its complaint even once to clarify what the Court's concerns were. Okay. So let's go back to the filing date, if we could, and focus on the statute of limitations, please. Can we circle back to Judge Berzon's question, because I have the same question. What difference does it make when it was filed? The question is when Jump was on notice of its cause of action, right? Yes, Your Honor. That's correct. So setting aside damages for a minute, as of the date they filled out that application, didn't Jump have notice of all the other elements of the claim? No, Your Honor. Why not? Because Jump did not know it was damaged until— Well, I said setting aside damages. Well, damage is an important part of accrual. You have knowledge— Counsel. Counsel. Counsel. Here's my question. Setting aside damages, set aside that element for a minute, as of the date that Jump filled out the application, wasn't it on notice of all of the other elements of its cause of action? Yes. Okay. Jump was on notice that the advice had been negligent. Kruger had made a mistake, right? She made a mistake. They knew by that point. Okay. And at that point, your argument is that Jump wasn't on notice that it was going to actually accrue damages, I think because the $8,600 check was potentially refundable. Yes. That's not just the refundability, but importantly, Jump had leased a warehouse that it was converting into an indoor trampoline facility. Yes. In the context of doing that, Jump was going to have to pull building permits. So Jump was going to have to incur money in order to operate its business, irrespective of whether Ms. Kruger had been negligent in providing the zoning advice. Right. And the court, the district court at one point talked about the lease payments. And your point, I think, is you think the lease payments didn't result from, weren't proximately caused by negligence. So those don't count as damages. But there's a check that was written the day after. It was written on June 20th, right? Yes. That was a deposit towards the governmental process and the permitting. Right. It was $8,000 something. There could be payments associated with applying for just a construction and improvement permits, even if the city did not come back and say, you have to build a miniature golf course or you have to build sidewalks. There were several things that were in the fall 2012 cycles report. Well, wait a minute. The application included the miniature golf course, the June 19th application. The application itself, Your Honor, from the document that was judicially noticed. I thought it included the golf course. It does. However, there were improvements that they were planning on doing in connection with this facility. Right. So there weren't new news. Right? But it seems to me that the lease payments fall into that category and that you're arguing, and perhaps correctly so, that the district court may have assumed that the legal fees and the consultant fees that were unanticipated had already been incurred as of the date that the conditional use permit application was filed. And, in fact, I can't tell when they were incurred, whether they were incurred as of the date the application was filed or not. But the very next day, your client had to pay this $8,000 fee, right? And your argument is that it was refundable. But I don't see anywhere where you tell us it was refunded. Is that right? That's my first question. Well, I think if you look at the documents that were judicially noticed, I think the district court drew an inference against Jump San Diego, which the district court is not allowed to do. I think I just gave you that. I just agreed with you there. So that was a mistake. I don't think you can say that damage was known by Jump San Diego until much later in the process. Let's take it the other way around. Suppose that you had everything happen the way it did, and as it turned out, the money was refunded. Do you think you wouldn't have a lawsuit at that point if that included any damages? Well, it's yes, but also if it was not – yes, if it was refunded. Even though it cost something? I mean, presumably you had to – there were costs in filing the piece of paper. There's a time value of money. If somebody tried to file that lawsuit and say, I was in fact damaged even though it was refunded, do you think they'd be thrown out of court? They might, but I think the important thing to recognize here, Your Honor, is we were not – or Jump San Diego was not allowed opportunity to amend to show what the entire process was going to be if the zoning was proper. There were construction permits going to be required. Well, what about the time value? There are fees associated with applying for a construction permit. It's a very lengthy process. Are you saying, counsel, that the $8,618 paid on June 20 was not directly related to the conditional use permit but, in fact, might be monies expended towards normal permit fees beyond just the conditional use permit because of the negligent advice? Is that your argument? Or is your argument that because it's refundable, there's no damages? My point is that that $8,000 could have been deposited in connection with a regular construction building permit. Did you ever allege that? Did you ever allege that that $8,600 check was anticipated such that on June 20, your client was not on notice that it was incurring an unanticipated expense? No, Your Honor. We didn't allege that because we were never given a second opportunity. What about in the opposition to the motion to dismiss? Did you ever argue that in the opposition? No. In the opposition, we were more general. What we said was that the ñ and I could read from the opposition brief itself here ñ is that we said, ìFurther, obtaining a CUP can be a lengthy and complex administrative process. Determining when plaintiff suffered appreciable harm during that process and when plaintiff realized it had suffered appreciable harm cannot be determined simply by determining when plaintiff made a deposit in furtherance of obtaining the CUP.î We would have amplified on that if we had been given an opportunity to orally argue, knowing the court's inclination to deny us even an opportunity to amend. At the time we prepared the brief, while we certainly were concerned that they were raising the statute of limitations and provided the rationale for why we felt that the motion should be denied, we were requesting an opportunity to amend the complaint, which is very typical in trial court proceedings that you'd be given an opportunity to at least amplify because you can't amplify in a brief. Counsel, please. She doesn't have an obligation to let you amend if she thinks amendment's going to be futile. And under the district court's rationale, she's looking at the conditional use permit application, and I think she concluded that all of the elements were there as of June 19th, except damages, or at least you've convinced me that there may have been some assumptions on the district court's part about other damages she looked to that were perhaps unfounded by the ñ from what was available at the 12B6 level. But the very next day there was this $8,600 check. And so it seems to me that I'm looking for your answer about why amendment wasn't going to be futile. Well, amendment would not be futile because we'd be able to explain that the CUP application, the deposits, all of those may have been required in some form in connection with applying for a construction and building permit that would have been required in any event, even if the business or the building had been properly zoned for the business. Have you ever told either ñ that's still very vague. Have you ever told either the district court or us what you would amend to say? In other words, you just said the CUP application may have been necessary for the building permit, but why? I mean, a conditional use permit is different than a building permit. Yes, but the CUP application form, if you look at it, the next page is a form of application that's necessary for a building or construction permit. So what I meant by that, Your Honor, was that, yes, the CUP ñ But the project description is conditional use permit to allow for the use of an existing building as a trampoline gym with a possibly 11,000-square-foot expansion of outdoor space. Yes, but what I'm saying, Your Honor, is that they could ñ they would have been required to submit a building permit application in any event. But they didn't. They submitted a conditional use permit application. Yes, but ñ Or at least they signed one. I understand, and that's why my point isn't that we had knowledge of the negligent advice. My point is we didn't have knowledge that they had been damaged, JMP had been damaged by the negligent advice. Okay, so this ñ I know you wanted to save five minutes. I have your opposition to the motion to dismiss here. Can you just call my attention to which pages you want me to reread that will convince me that you called the district court's attention to the fact that the $8,600 check may have been anticipated, so it was not an unanticipated expense. Where do I see that? The section starts on page 5, subsection C, and continues on to page 6. All right. As I said, it's not as detailed as I would have liked sitting here today, but it certainly was enough to show the district court that we believe the CUP process was lengthy and complex, and it's not clear whether you'll be damaged from having to apply for a CUP until you get feedback from the city of San Diego as to what's going to be required now that it's not properly zoned for the use you intend. Thank you, counsel. Good morning. May it please the court, Oliver Draeger on behalf of the defendants and respondents. I'm just going to go directly to this issue that took up most of my colleagues' time, which is the damages question, and I'd like to direct the panel's attention to the issue that the damages don't have to be complete here in order for that accrual to have begun. And what we have here is the district court correctly found that, pursuant to the allegations, the averments in the complaint, that the damages had accrued. Because when we look to the allegations, the averments here, specifically I direct the court's attention to page 168 in the record, which goes through a little bit of a different set of averments than what we're hearing this morning from my colleague. And in that, the issue isn't ultimately what happened as a result of the cycles review and this process. The issue ultimately is it was averred that plaintiff was damaged by the fact that they had to engage in this process in the first place. They cite to the fact that they brought on attorneys, that they brought on consultants to engage in a permit process that they were led to believe never needed to have occurred. You can't tell me, where does it tell me that they had to engage those folks prior to filing the conditional use permit application? As opposed to in response to what they got back after they filed their application? Well, I direct the court's attention to paragraph 16 of the complaint, which indicates, it doesn't give a date, but it indicates It says, thereafter, plaintiff is required to retain attorneys and other consultants to work with the City of San Diego. That paragraph? Correct. Correct, Your Honor. Yep. And then there, the plaintiff is saying that they had to seek this process of going through the conditional use permit. And then in the next paragraph, there is a series of damages here, and the question is, when did the fact of damage occur, regardless of what the amount would be? We know, and I'm looking for the earliest date, and it seems to me the earliest date is June 20th. But what have you got that's earlier? Well, I would state that when they became aware that the statements were purportedly false on June 19th or earlier. Well, why? That just means that Kruger may have made a mistake. It doesn't mean it was going to cost jump money. Well, it does when they allege specifically that they would not have even entered the lease if it wasn't for reliance on these purportedly false statements. So the entry of the lease has a quantum of damage associated with it. Your Honor? I think you have a serious proximate cause problem if you're really going to rely on the lease payments. If they've been happy with the contract theory or a tort theory, if they've been happy and received the benefit of their bargain and had an opportunity to open up their trampoline park, they were going to incur the lease payments, right? Well, they would have. They would have eventually incurred the lease payments, but for, I mean, what they're alleging essentially is that but for the bad advice, they wouldn't have even gotten to this process. The lease would have been signed. But that assumes everything that happened thereafter. I mean, the bad advice which led to us having to delay and spend more money and so on, that doesn't seem to work very well. Right, Your Honor, but the core issue is. What is the, this is a truncation of a usual process in which you would have simply filed a motion for summary judgment and they then could have introduced their evidence and or there would have at least been an amendment to the complaint. I mean, why shouldn't they be able to amend the complaint? The worst that will happen is they won't be able to do it usefully and that will be the end of the case. Well, they shouldn't be able to because the principle was followed correctly in that we were entitled to get judicial notice of the documents. That was correct. But now we have, I mean, there are holes. We don't really know what this $8,000 was exactly for, right? Do we have a direct connection between the $8,000 and the fact that they were applying for a conditional use permit versus a building permit or anything else? Well, we do know that the conditional use permit went to the heart of the business. They were suddenly having to apply for using the building. But we don't even know that because what they applied for was a trampoline with 11,000 feet miniature golf. So maybe that was why we were getting the conditional use permit. But it was certainly the statement on the conditional use permit, Your Honor, is indicating that they're having to apply and they're stating that it's for use as a trampoline business. With an outdoor miniature golf. Right. Which they also avert that they were forced, forced was the word that was used in the pleadings, to do that as a result of this process. So ultimately. It's really a question of damages. As I understand counsel's argument today, he's essentially conceding that at the time they applied for the conditional use permit, they were aware that they had received bad advice or misinformation. But they were going to go ahead anyway, because they still wanted to build this facility. So the court took judicial notice. There was no opportunity to essentially argue whether there's additional information in connection with leave to amend. What on the face of the documents that we have before us shows us that the $8,600 and some odd dollars wouldn't have otherwise been incurred. That's how I understand counsel's argument is that in the normal course of things, they would have had to pay anyway through the normal permitting process, even if the advice had not been negligent. So is there anything that tells us, well, you paid $8,000 that you otherwise wouldn't have incurred. And so therefore you are on notice with regards to damages as well. As far as the exact dollar figure of how that is laid out, that is not, that is not about the exact dollar figure. It's not about the exact dollar figure. It's about unanticipated damages. The lease payments were anticipated. They're going to have to pay those, right? That's what Judge Wynn's getting at. Is there anything in the record that tells us that the $8,600 check, the June 20th check, is something that was unanticipated? Well, I would take an exception to the statement made, because how can they aver, Your Honor, that they would not have executed the lease? Counsel, if you could just set that aside. I realize that you're wanting to hang on to that. But just for the purpose of this hypothetical question, just assume you've lost that point, okay? And that I'm of the view that they were going to, that's not a damage. Just pretend. Yes, Your Honor. Okay? And then if you could, if you could just focus on that next check, the June 20th check. Why isn't that a damage for him? Because if nothing else, even if it was ultimately refunded, and I don't know if it was or not, isn't there, there's a time value for the use of that money. But only if that payment was an unanticipated expense that they didn't think they were going to run into. Well, we do know that there is nothing in the record that lays out precisely that. But what we do have in the record is we have a conditional use permit, we have the reason for the permit, which would not have been required but for the purported statements, and then we have a dollar figure. But excuse me. We don't even know that because of this addition of this miniature golf thing. But we do know it because it was averred that they were forced to do it, Your Honor, that they were forced to do it. Well, given the fact that you're indicating the record doesn't necessarily flow in that exact sequence, what's wrong with giving them an opportunity to amend, to demonstrate that this is fees that they would have incurred anyway, even in the absence of bad advice? Because it's clear from the record, Your Honor. It's clear from the record that there was some quantum, whether it was the delay, whether it was the issue that I've been asked to put aside for the moment on the lease. You mean the delayed opening? Just the delayed opening? Yes. That's clearly averred as well. Yes, but that only helps me because then there's some lost profit apparently. But that only helps me if we can tell from the record the date on which they anticipated they would open, and I can't find that in the record. But if they aver that there's a delay, then that is a fact of damage. No, no. The question is by when did they know it? By when did they know it? It's the accrual date that we're trying to figure out. And it seems like we're all on the same page in terms of looking at the allegations, the complaint, looking at all the records that the Court took judicial notice of, and focusing on the date of June 20th as the accrual date in terms of the damages as a component of their cause of action. Correct, Your Honor. And I think when you line up these issues, we've crossed the threshold clearly, and the District Court crossed the threshold of finding correctly that there was a fact of damage that was aware, whether that quantum was large or small, or whether there was a large delay or a small delay, clearly they had to enter. But no delay by June 20th, right? I'm sorry, Your Honor? But no delay by June 20th? As far as, well, once they applied, then yes, there was a delay, because now they would have to, there's no instantaneous permit process. Justice, what did they anticipate? Delay is all relative to what they were thinking of what their business plan was, and we don't have that, Counsel. We don't know if they were delayed by June 20th. But we have the admissions pursuant to the averments, Your Honor, and the admissions are that we were delayed because we had to. Excuse me. The averments don't say that as of June, we thought we would open earlier than June 20th. Correct, Your Honor. They don't lay out the dates. I mean, the dates are obscured probably for, you know, this purpose here. Right. But, Counsel, you know this area of the law, of course, very well. What we have to figure out is the date on which they knew or should have known of all of the elements of their cause of action. And they certainly had, it seems to me, all of them as of June 19th, except not necessarily damages, and that's what I'm trying to, all three of us, I think are trying to say that. Correct, Your Honor, and I understand that, and that's where I'm trying to engage you on this. Okay. When do you think is the first day that appreciable damages had been accrued such that Jump would have had to know this was going to cost them something? I would say June 19th, Your Honor, pursuant to that, or at a minimum June 20th when the check comes in. Okay. But in response to that, in response to that, they said that the check wasn't necessarily money that they wouldn't have otherwise expended, and that's why they weren't on notice. So I haven't really gotten your answer as to why they shouldn't have the opportunity to amend to allege that. Well, that's something that, that argument that, well, we would have had to spend it anyway is something that we've seen for the first time here on appeal. Well, it seems to me that you can kind of get there, because I think the complaint does say we were told by Kruger that we weren't going to have to get a conditional use permit at all. And then on June 19th, it turns out we had to apply for a conditional use permit, and whether it was ultimately refundable or not, in conjunction with that permit application, we had to pay $8,600. So you can sort of backdoor it, I think, and decide that the record puts us on notice that they're alleging that they weren't going to otherwise have to write that check on June 20th. That's correct, Your Honor. And the check is clearly tied with the same control number. How is it clearly tied? Because it has the same control number as the conditional use permit. They're essentially connected, Your Honor, through the number of volts. Because, I mean, the other fact is that they didn't, in fact, file it on June 19th, or at least there's no evidence that they did. So at least theoretically, they could have prepared to file it and then decided they didn't need to file it. So the check becomes key because the application itself was not, in fact, filed at that point. Well, we don't know that, Your Honor. We've seen that. We don't know when it was filed. You can't infer that it was filed, right? I'm sorry, Your Honor? You can't infer that it was filed on June 19th. We don't rely on the fact of whether it was mailed on a particular date or not. Okay. So, therefore, the check becomes all-important. Well, it does if we don't accept that these other quanta of damages have any validity. If they don't, which, frankly, I've tried to make the case for it, and if they don't, though, then the check obviously becomes very important because that becomes the linchpin regarding the fact of damage that we would need to show in order to show that the court didn't make. And, again, the standard review here would be clear error below. Why would it be clear error? This is on a motion to dismiss. Well, it's not reviewed de novo, Your Honor, because pursuant to the Erlen case, Erlen v. U.S., we have a determination of when a person knew a particular fact, a mixed question of fact and law regarding the application of the statute of limitations. So that would be reviewed deferentially, Your Honor, because it does involve an interpretation of knowledge. Really? Yes, Your Honor. Even though this is all on a motion to dismiss? Yes, Your Honor. I would refer the court to Erlen v. U.S. It's cited, I think, several times in the papers. I can recall it here if necessary. And, Your Honor, that citation would be 364 Federal 3D 1127. That particular page is 1130, Your Honor. That's a 2004 case of this court. And that's a case on a motion to dismiss? Well, it's a case that shows the standard regarding interpretation, reviewing when a case is dismissed on the issue of a statute of limits interpretation, Your Honor. Not on summary judgment or on facts? The particular circumstance, frankly, escapes me at the moment, but that issue was it was a dismissal, a case that was involving a dismissal on that particular point that I'm mentioning. Anything further, counsel? No, Your Honor. I'll submit the remainder of my time. Thank you for your argument. Thank you. Could you put two minutes on the clock, please? Your Honors, I know my time is brief, so I'll be quick here. We've given you two minutes just for planning purposes. This is a de novo review. The only issue that's abuse of discretion is the judicially noticed facts, and that discretion was abused. The court determined that June 19th was the absolute latest date for accrual. She based that on when the application was filed. It was not filed on June 19th. That was an incorrect inference that was taken against Jump. I think overall what we've seen here this morning is a series of inferences, a litany of facts that are drawn against Jump based on these judicially noticed documents. You really don't want to be interrupting Judge Berzon because she's going to remind you of that in a minute. Go right ahead. Go ahead, Your Honor. I apologize. What about the fact that the check does have the same number on it as the application, which is an application for a conditional use permit? We're not denying that the check was in connection with the conditional use permit. What we would allege is that the monies that were expended towards the conditional use permit would have been incurred, irrespective of the need to get a conditional use permit, because you had to get a building permit through the city in order to convert the warehouse into an indoor trampoline facility. So that's a different argument than what I understood. We were talking about earlier. It's not that you anticipated a conditional use permit. Your argument is that your client wasn't out of pocket more money than it thought it was going to be as of June 20th? That's what we would allege if we were given leave to amend. Well, you were given an opportunity to amend the complaint. I'm sorry, to oppose the motion. And I have read, per your invitation, re-read pages 5 and 6 of your opposition. And it says, whether submitting an application for a cup and payment of refundable deposit would constitute appreciable harm to a reasonable person for purposes of commencing a statute is a question for the trier of fact. And then it says, a reasonable plaintiff may not suffer appreciable harm upon payment of a deposit where the entirety or majority of that deposit may be refunded at a time in the future. So it seems to me that the argument you're making today is different than what you argued in front of the district court. And I want to give you a chance to respond. I would contend, Your Honor, that it's not different. It's just an amplification on what we put in the brief. While we discussed refundability as the verb we used, it also goes with the fact that it could be refunded, that it could also have been incurred in any event. I don't understand that point because presumably if you need a building permit, you're still going to need a building permit. In other words, if you were going to need a building permit, then you're still going to need a building permit, and you're still going to have to pay for the building permit, in addition to the conditional use permit. That's incorrect, Your Honor. If you're doing a conditional use permit, my understanding is that's the permit that governs the project instead of, and not in addition to the building permit. So, again, I think that goes to a fact. The fact inference, which the district court drew against my client, I think it's very clear that all inferences on a motion to dismiss must be drawn in favor of the plaintiff. All allegations must be looked favorably towards the plaintiff. And what has happened here is a de facto application of a Rule 56 or a summary judgment motion where the parties are arguing fact inferences to be drawn from an $8,600 check application without plaintiff being given the opportunity to submit competing evidence to show why they did not have knowledge that they were damaged from the negligent advice until after June 25, 2012. And on that basis, I'd submit. Thank you. Thank you both for your arguments. The next case on the calendar is 14-56663.
judges: Berzon, Christen, Nguyen